IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MARY E. RICHARDSON, | : |
| Plaintiff, | : |
| v. | : |
| | : Case No.: 1:14-CV-77 (WLS) |
| DAVID MOSLEY and DOUGHERTY COUNTY BOARD OF EDUCATION, | : |
| Defendants. | : |

## ORDER

Before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Docs. 2). For the following reasons, Plaintiff's Motion to Proceed *In Forma Pauperis* (Docs. 2) is **DENIED**.

## DISCUSSION

The Court "may authorize the commencement ... of any suit, action, or proceeding ... without payment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[1] 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful access to courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1988); *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir.

---

[1] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

1

1997) (Section 1915 is designed to ensure "that indigent persons will have equal access to the judicial system.").

Thus, § 1915 authorizes suits without the prepayment of fees and costs for indigent litigants. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. Instead, the statute conveys only a privilege to proceed to those litigants unable to pay filing fees when the action is not frivolous or malicious. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Moreover, while the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dept. Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984); *Evensky v. Wright*, 45 F.R.D. 506, 507–08 (N.D. Miss. 1968). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins*, 335 U.S. at 339; *Zuan v. Dobbin*, 628 F.2d 990, 992 (7th Cir.1980).

According to her IFP Application, Plaintiff receives social security and pension income in the amount of $1,353 per month. (Doc. 2 at 3). Plaintiff's monthly expenses total $393, including utilities and insurance. (*Id.*) Plaintiff states that she owes an estimated $6,090 in consumer debt, resulting in $221.30 in total monthly payments. (*Id.* at 3-4.) Under "assets," however, Plaintiff reports a home valued at $51,000 and two cars valued at $2,000 and $4,000, respectively. (*Id.* at 2.) Plaintiff also reports that she receives income from another adult occupant of the home, though it is unclear how

much income Plaintiff receives. (*Id.*) Nevertheless, upon calculation, it appears that Plaintiff's monthly expenses total approximately $614 per month, leaving a monthly disposable income of roughly $739, not even accounting for the income that Plaintiff receives from the other occupant of the home. Thus, although Plaintiff has no money in her checking account and her assets are relatively small, it does not appear that Plaintiff is without the ability to bear the costs of filing her Complaint. Therefore, the Court finds that Plaintiff does not meet the requirements of 28 U.S.C. § 1915(a)(1) for proceeding *in forma pauperis*. Accordingly, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED,** and Plaintiff *pro se* must pay the full statutory filing fee to proceed. Plaintiff shall pay the filing fee within twenty-one (21) days of entry of this Order or be subject to her complaint being dismissed without further proceedings.

    **SO ORDERED**,   28th   day of May 2014.

                                                   /s/ W. Louis Sands  
                                                   **W. LOUIS SANDS, JUDGE**  
                                                   **UNITED STATES DISTRICT COURT**